UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION


JOHN A. MUNSEN, JR.            CIVIL ACTION NO. 12-2188

VERSUS

                                   DISTRICT JUDGE DEE D. DRELL

BP CORPORATION NORTH       U.S. MAGISTRATE JUDGE JAMES D. KIRK
      AMERICA, INC., et al


### REPORT AND RECOMMENDATION

This Employees Retirement Income Security Act ("ERISA") case, 29 U.S.C.1001 et seq., is referred to me by the district judge for Report and Recommendation.  The case is ready for decision on briefs on the merits in accordance with the ERISA Case Order [Doc. #11].

This is a claim for unpaid retirement benefits.

### Facts

Beginning in 1974 claimant, John A. Munsen, Jr., began working for Gulf Oil Corporation at its Belle Chase, Louisiana plant. Gulf Oil had a 1983 Retirement Plan and a new Plan effective in 1985. He continued working at the plant when it was purchased by Standard Oil of Ohio, (SOHIO)in 1984 and became a participant in its Plan. Munsen had vested in the Gulf Oil Retirement Plan after 10 years. BP bought part of SOHIO and became the successor administrator of the retirement plans of both Gulf Oil and SOHIO. Plaintiff had stopped working for SOHIO in 1985, in consideration for which SOHIO provided plaintiff with an "Enhanced [Retirement] Benefit". The

enhanced benefit in effect allowed plaintiff to begin receiving retirement benefits at age 60 instead of the normal retirement age of 65 provided by the plans.

Plaintiff claims that BP failed to send him his retirement benefits beginning at age 60 even though he had been careful to keep it apprised of his current address. He argues that BP had an obligation to pay them automatically without his having requested them. He claims that BP refused to pay him $6,029.85 past benefits for the time before he first contacted BP about his retirement, February 3, 2011. Plaintiff also seeks interest on the payments and makes a claim for equitable relief for the mental anguish he alleges he suffered on account of having to go through the administrative process and file this suit in order to obtain his retirement benefits.

After receiving an unfavorable decision from the claims administrator, plaintiff appealed to the Plan Administrator who upheld the denial. The reason provided was that while plaintiff was entitled to benefits beginning at age 60, his request for benefits did not occur until February of 2011 and the plan does not pay retroactive benefits. Instead, the Plan actuarially increases the amount of the retirement benefit to account for the time period when benefits were not paid.

Plaintiff filed this suit to review the Administrator's decision and argues that under the 1983 Gulf Plan the Administrator did not have discretion to interpret the Plan (unlike language in the 1985 Plan in which he was never a participant). Specifically, claimant urges that the Administrator failed to take into consideration the Enhanced Benefit or the 1983 Plan in its decision. Plaintiff admits that the Administrator had discretion to interpret the SOHIO Plan but that this court should perform a de novo review as to the 1983 Gulf Oil Plan.

## **Standard of Review**

In accordance with this court's standing ERISA Case Order, the parties agree that the Plans at issue are employee welfare benefit plans, as defined by the provisions of ERISA, and that this case is governed by ERISA and that all state law claims are preempted.  The parties also stipulated that the Plan provides the administrator with discretionary authority to interpret the provisions of the Plans and to make findings of fact and determine eligibility for benefits.  Both Claimant and Defendant agree that the administrative record is complete. However, because the administrator is both Plan sponsor and administrator and is thus conflicted, the court will consider the conflict along with all other factors. See Metropolitan Life Ins. Co. v. Glenn, 128 S. Ct. 2343 (2008), Holland v. International Paper Co., 576 F. 3d 240, 247-248 (5th Cir. 2009). See also, Vega v. National Life Insurance Services, Inc., 188 F.3d 287, 299 (5th Cir. 1999).

## **Discretionary Authority**

It should be noted initially that claimant, in brief, argues that he Administrator did not have discretion to interpret the 1983 Gulf Oil Plan and therefore, this court should perform a *de novo* review. However, this court's review is governed by the Erisa Case Order, doc. #11, which requires the parties initially to advise the court if there is a dispute as to the authority of the Administrator and, if not, to stipulate to its authority. In this case, the court was not advised there was any such dispute and, in fact, the parties stipulated to the Administrator's discretionary authority to interpret the Plans. Therefore, the court will not entertain claimant's dilatorily made arguments regarding discretionary authority.

**Review for Abuse of Discretion**

Eligibility for benefits under any ERISA plan is governed by the plain meaning of the plan language.  Threadgill v. Prudential Securities Group, Inc., 145 F.3d 286 (5th Cir. 1998).   In determining whether an administrator abused its discretion, we look to whether that administrator was arbitrary or capricious. "An administrator's decision to deny benefits must be 'based on evidence, even if disputable, that clearly supports the basis for its denial." Lain v. UNUM Life Ins. Co. of America, 279 F.3d 337, 342 (5th Cir. 2002).  There must be "concrete evidence" in the administrative record that supports the denial of the claim.  Id.  The administrator's decision should be reversed only if it is arbitrary or capricious, that is, if the record lacks substantial evidence to support the Plan Administrator's benefit determination. See Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc., 168 F.3d 211, 215 (5th Cir. 1999).  See also Vega v. Nat'l Life Ins. Servs., 188 F.3d 287, 299 (5th Cir. 1999).      As to "substantial evidence" or "concrete evidence". See Mouton v. Fresenius Medical Care of North, 2003 WL 22287522 (5th Cir. 2003), Dubose v. Prudential, 2003 WL 23021934 (5th Cir. 2003)(unpublished), Chandler v. Hartford, 2006 WL 1209363 (5th Cir. 2006)(unpublished),Ruiz v. Continental Casualty Co., 400 F.3d 986 (7th Cir. 2005), Johnson v. Metropolitan, 437 F.3d 809 (8th Cir. 2006), Wangenstein v. Equifax, Inc., 2006 WL 2220822 (11th Cir. 2006)(unpublished).

Although claimant, through counsel, argues that the Administrator was arbitrary and capricious, not once is the Administrative record referred to by page number as required by the Erisa Case Order.[1] Rather, Plaintiff simply states that, "the record  in this matter makes no mention of

_____

[1] This court will not comb the Administrative Record in search of evidence which supports plaintiff's arguments.

4

either the SOHIO Enhanced Benefit or the 1983 Gulf Plan." He also reasons that, because he requested, through counsel, copies of the severance documents after the administrative process was completed and was told the Administrator couldn't find them, that necessarily means the Administrator did not consider them in making its decision.

However, as defendants point out in brief, the letter notifying plaintiff of the denial of his appeal indicated that the Appeals Administrator considered the enhanced benefits period provided by the SOHIO severance plan and reviewed the terms of the prior Plans. See administrative record at page 27. Indeed, the retirement benefits were paid once plaintiff requested them even though plaintiff had not reached normal retirement age of 65 and were actuarially increased to account for the benefits which had accrued since age 60. Had it not been for the enhanced benefit program no benefits would have then been owing and thus the Administrator necessarily knew about the enhanced benefit plan.

I find that there exists concrete evidence in the record to support the Administrator's findings that normal retirement age under the Plans is age 65 and that nothing in the Plans required BP to advise plaintiff prior to age 65 of his right to receive benefits or required it to begin paying benefits automatically. I further find that the Administrator reviewed all of the pertinent documents and information in making its decision. I find also that BP immediately began paying benefits pursuant to the enhanced plan upon being asked to do so and that those benefits were actuarially increased to include the time period between the date when plaintiff turned age 60 and the date benefits were first paid in 2011 so that plaintiff has suffered no loss of benefits. I further find that BP has complied with

its ERISA obligations to Mr. Munsen and that pre-judgment interest and equitable relief[2] should be DENIED.

## Conclusion

For the foregoing reasons, the Court finds, after reviewing the record and considering defendant's dual role that the decision of the administrator is  supported by substantial and concrete evidence, is legally correct and is neither arbitrary nor capricious nor an abuse of discretion. See actuarily Gosselink v. Am. Tel. & Tel., Inc. 272 F.3d 722, 726 (5th Cir. 2001) (citing Wilbur v. ARCO Chem Co., 974 F.2d 631, 637-8 (5th Cir. 1992)).

IT IS RECOMMENDED that plaintiff's appeal be DENIED and the case dismissed.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.  **FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON**

---

[2] In this case all state law claims, including claims for mental anguish are completely preempted by ERISA. See Mayeaux v. La. health Serv. & Indemn. Co. 376 F.3d 420 (5th Cir. 2004).

6

**APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 7th day of June, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

7