RECEIVED
NOV 21 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN A. MUNSEN, JR. | CIVIL ACTION NO. 12-2188 |
| -vs- | JUDGE DRELL |
| BP CORPORATION NORTH AMERICA, INC., et al. | MAGISTRATE JUDGE KIRK |

### JUDGMENT

For the reasons stated in the Report and Recommendation of the Magistrate Judge previously filed herein, and after an independent review of the record, including the objections filed and having determined that the findings and recommendation are correct under the applicable law,

IT IS ORDERED that Plaintiff's appeal is DENIED and the case is DISMISSED.

In so ruling, we have particularly considered a basic fact that would have governed this determination in any event. Plaintiff's claim could be said to rise or fall on the notice issue. Plaintiff says that the Plan Administrator should have notified him that he should receive benefits at some point before he turned sixty years of age. In this, Plaintiff expects the Administrator to be a seer when, in fact, Plaintiff alone knew when he wanted to retire. What is unexplained is why Plaintiff, who <u>knew</u> about the vesting arrangement when he left SOHIO, and who must have known that he could collect benefits after age sixty, failed to act on that knowledge before age sixty-one. To say that such inaction by the Plan Administrator is arbitrary and capricious strikes us as unconvincing. Further, the uniquely new position taken by Plaintiff in the objections that there was a forfeiture of benefits does not comport with the facts. The Administrator fixed the problem by increasing the

monthly benefit to account for the fourteen months during which Plaintiff had not requested the commencement of benefits. Clearly there was no benefit forfeiture as suggested in Plaintiff's objections. Given the standard of review for abuse of discretion by the Administrator, we find none, even though a different Administrator might have chosen a slightly different path. See Gosselink v. American Telephone & Telegraph, Inc., 272 F.3d 722, 726 (5th Cir. 2001). Accordingly, the decision must stand as a matter of law.

SIGNED on this 21$^{6th}$ day of November, 2013 at Alexandria, Louisiana.

          DEE D. DRELL, CHIEF JUDGE
          UNITED STATES DISTRICT COURT